UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10071-RGS

RYAN TYLER KILBY

v.

FALL RIVER POLICE DEPARTMENT, et al.

ORDER

February 18, 2020

STEARNS, D.J.

On January 13, 2020, Ryan Tyler Kilby filed a *pro se* complaint against the Fall River Police Department and one of its employees, Detective Ortiz. Kilby also filed a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the court will grant the motion for leave to proceed *in forma pauperis* and order that this action be dismissed without prejudice.

Upon review of the motion for leave to proceed *in forma pauperis*, the court concludes that Kilby has sufficiently demonstrated that he is without funds to pay the $400 filing fee. Accordingly, the motion is GRANTED.

Pursuant to 28 U.S.C. § 1915(e)(2), the court has conducted a review of the complaint. The court has the authority to dismiss a complaint brought by a party proceeding *in forma pauperis* if the claims therein are malicious,

frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages against a party that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Here, Kilby has failed to state a claim upon which relief may be granted because he has not alleged facts from which the court may reasonably infer that the defendants have engaged in any actionable misconduct. In his one-paragraph factual statement, Kilby alleges that he:

> [p]ersonally witnessed a black pick up with orange letter [sic] reading "Massachusetts Police" outside my mother's house. Fall River detectives also spoke to my mother. I do not live at my mother's house. This all happened in the foreign jurisdiction of Rhode Island.

Compl., ECF No. 1-2, at 4. Elsewhere in the complaint, he states that these events happened in Tiverton, Rhode Island, in December 2019 and January 2020.

Kilby's allegations that the defendants traveled to Rhode Island in government vehicles and spoke to his mother do not suggest any wrongdoing. To the extent that they were without law enforcement power because they were acting outside their territorial jurisdiction, they were permitted, as would be any citizen, to drive in Rhode Island and make inquiries at a private residence. *See, e.g.*, *Jones v. Prince*, C.A. No. 00-02902, 2004 WL 5664071, at *6 (D.D.C. Mar. 23, 2004) (holding that

2

Maryland police officers who conducted surveillance in neighboring states did not violate the Constitution; although officers "were acting with no power beyond public citizens," their surveillance was not undertaken in an "unlawful manner"). Further, even if the defendants had purported to act under police power and engaged in unconstitutional conduct, such as searching the home of Kilby's mother without her consent, his mother would be the aggrieved party.[1] Kilby would not have standing to bring a claim for a violation of his mother's constitutional rights, even if the violation had a collateral effect on him.

## ORDER

In accordance with the foregoing, the court hereby orders:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. This action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] The court presents this scenario purely as a hypothetical. There is nothing in Kilby's complaint suggesting that, even if the defendants had been within their territorial jurisdiction, their alleged actions would have been violative of the Constitution.